IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00194-MSK-MEH

THOMAS C. ARMSTRONG,

      Plaintiff,

v.

DANIEL SWANSON,
JARROD FOUST,
JOHN CHRISTY,
JONATHAN RYAN,
TIMOTHY CUEVA,
JOHN DOES (Denver Police Officers, Whose True Names and Identities are Unknown), and
THE CITY AND COUNTY OF DENVER,

      Defendants.

---

## OPINION AND ORDER GRANTING MOTION FOR SANCTIONS AND DISMISSING ACTION

---

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion for Sanctions for Failure to Prosecute **(# 64)**, to which no timely response was filed; the Defendants' Motion for Summary Judgment **(# 65)**, to which no timely response was filed; and the Plaintiff's Second Motion to Stay Proceedings Due to Unavailability of Counsel **(# 68)**.

The Plaintiff brings claims pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated his constitutional rights when they improperly arrested him and engaged in the use of excessive force while effectuating that arrest.

On April 30, 2009, the Defendants filed a Motion for Summary Judgment **(# 65)**, alleging that the Plaintiff cannot establish any of the elements of his claims and arguing that the

1

Plaintiff's stated version of the events is patently delusional and inconsistent with objective evidence.  This Court's Local Rules provide that the Plaintiff must respond to such a motion within 20 days of its filing.  D.C. Colo. L. Civ. R. 7.1(C).  Within that 20 day period, the Plaintiff neither filed a response to the motion, nor sought an extension of time to do so.  Accordingly, the Court deems the Plaintiff to have defaulted on this motion.

Separately, on April 30, 2009, the Defendants move for the imposition of sanctions against the Plaintiff for failure to prosecute **(# 64)**.  The Defendants state that the Plaintiff failed to participate in the drafting of a proposed Scheduling Order, failed to provide the Defendants with copies of documents referenced in his initial disclosures despite numerous requests by the Defendants for such documents, failed to respond to the Defendants' discovery requests and disregarded an Order by the Magistrate Judge compelling such responses, failed to propound any written discovery or deposition notices of his own, refused to participate in discussions concerning a Protective Order.  In addition, the Defendants note that the Plaintiff's failure to supply written discovery has forced the continuance of the Plaintiff's deposition, which remains incomplete.  The Defendants request that the Court impose sanctions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and dismiss the case.  Under Local Rule 7.1(C), the Plaintiff was required to respond to this motion, if at all, within 20 days of its filing.  The Plaintiff neither responded to the motion nor sought an extension of time to do so.  Accordingly, the Court deems the Plaintiff to have defaulted on this motion.

On or about June 17, 2009, approximately one month after the deadline for responding to the above-referenced motions had passed without action by the Plaintiff, the Plaintiff's counsel filed a Motion to Stay Proceedings Due to Unavailability of Counsel **(# 68)**.  That motion recites

that since "late April," the Plaintiff's counsel has been in California tending to his aging and infirm parents. He explains that "I am unable to do any research and preparation to address their Motion for Summary Judgment because of my family emergency." He requests an indefinite stay of the proceedings in this case. The Defendants oppose (# **71**) that request, contending that the circumstances set forth do not justify the Plaintiff's failure to respond to the pending motions and that no good cause for staying the action exists.

### Motion for Sanctions

The Court turns first to the motion for sanctions, as that motion concerns action – or more accurately, inaction – by the Plaintiff that long predates the circumstances involving his parents' health. As a result, consideration of the Plaintiff's Motion to Stay does not bear on the analysis.

With regard to the Motion to for Sanctions, the Court observes that the Plaintiff has failed to file a timely response, and it thus deemed to have waived any right to contest the factual assertions contained in the Defendants' motion. In any event, the Court finds that the following facts are indisputably shown on the record. The action was removed to this Court on January 30, 2008 (# **1**). On February 15, 2008, the Magistrate Judge set (# **16**) a Scheduling Conference to occur on April 18, 2008. The Plaintiff's existing counsel then sought and obtained leave to withdraw (# **20**). On April 18, 2008, the Magistrate Judge conducted (# **24**) the Scheduling Conference. At that time, no attorney had entered an appearance for the Plaintiff, but the Plaintiff represented that counsel in his pending criminal case had agreed to represent him in this action. The Magistrate Judge reset the Conference for May 19, 2008, instructing the Plaintiff to have an attorney present at that Conference or to have otherwise participated *pro se* in drafting a proposed Scheduling Order. On May 19, 2008, the Plaintiff appeared *pro se* at the rescheduled

Conference (**# 28**).  He stated that his criminal counsel would be entering an appearance on his behalf, and indeed, as discussed below, the Defendants had some discussion with the Plaintiff's current counsel prior to that hearing regarding his intention to represent the Plaintiff.  The Magistrate Judge again reset the Conference to June 26, 2008.

On June 18, 2008, the Defendants filed a Status Report (**# 30**).  That report stated that the Defendants had made numerous efforts to contact the Plaintiff's counsel about preparing a proposed Scheduling Order, efforts dating back to before the May 19, 2008 Conference, but that beyond stating that he was awaiting the outcome of the criminal case against the Plaintiff before entering an appearance here, the Plaintiff's counsel did not respond to the Defendants' communications.  The Magistrate Judge set a continued Scheduling Conference for July 28, 2008, after the Plaintiff's criminal trial would have concluded.  On July 22, 2008, the Defendants submitted a proposed Scheduling Order and a Status Report (**# 33**), noting that neither the Plaintiff nor his purported counsel had responded to the Defendants' request that they participate in its drafting.

On July 28, 2008, the Magistrate Judge conducted the Scheduling Conference (**# 34**). The Plaintiff was represented by his current counsel, who entered an appearance (**# 36**) that same day.  The Magistrate Judge noted that the Plaintiff's counsel had not been involved in drafting the proposed Scheduling Order, but proceeded to set various deadlines in the case, including a deadline of September 1, 2008 for the parties to make their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i).  On October 23, 2008, the Defendants filed a Motion to Continue (**# 39**) a pending settlement conference.  The Defendants noted that the Plaintiff did not file his initial disclosures until October 17, 2008, and that the disclosures that were provided on that date were

4

incomplete.  (This is consistent with the uncontroverted allegation in the Defendants' Motion for Sanctions, which the Court treats as true.)

On February 26, 2009, the Defendants filed a Motion to Compel **(# 49)** discovery responses.  That motion stated that the Defendants tendered written discovery requests to the Plaintiff on December 3, 2008, and that the Plaintiff's counsel acknowledged receiving them and expressed his intention to address them by December 8, 2008.  The motion recites that the Defendants contacted the Plaintiff's counsel again on January 8, 2009, on February 19, 2009, and on February 23, 2009, but that to date, the Plaintiff provided no response to the requests. The Magistrate Judge directed **(# 51)** that the Plaintiff file a response to the Motion to Compel by March 6, 2009.

On March 11, 2009, with no response to the Motion to Compel having been filed, the Magistrate Judge issued an Order to Show Cause **(# 52)**, directing the Plaintiff to show why the case should not be dismissed for failure to prosecute.  On March 23, 2009, five days past the deadline set by the Magistrate Judge in the Order, the Plaintiff filed a response **(# 56)**, stating that the Plaintiff was detained in jail on a "psychiatric hold" and was thus unable to assist counsel.  The Plaintiff requested that the case be stayed "until Mr. Armstrong is in a mental condition to assist his counsel in its prosecution."  The Magistrate Judge deemed **(# 58)** this explanation to be sufficient, although he expressly denied the Plaintiff's request for a stay.  At the same time, the Magistrate Judge granted **(# 57)** the Defendants' Motion to Compel, requiring the Plaintiff to file discovery responses by March 31, 2009.  The Defendants' Motion for Sanctions assert, and the Plaintiff does not dispute, that despite this Order, the Plaintiff has yet to file any discovery responses.

On March 26, 2009, the Defendants filed a Motion for Protective Order (**# 59**).  That

motion recited that the Defendants had made several attempts to obtain the Plaintiff's input with

regard to the motion since August 2008, but that the Plaintiff's counsel did not respond to any of

those requests.  The Magistrate Judge directed (**# 61**) that the Plaintiff file a response to the

Motion for Protective Order by April 1, 2009.  The Plaintiff did not file any response, and the

Magistrate Judge subsequently granted the motion as unopposed.

The Defendants then filed the instant Motion for Sanctions and, simultaneously, the

Motion for Summary Judgment.  The Plaintiff filed no response to either motion.

Whether dismissal of an action for failure to prosecute under Fed. R. Civ. P. 41(b) is

appropriate is governed by consideration of several factors: (i) the degree of actual prejudice to

the defendant; (ii) the amount of interference with the judicial process; (iii) the culpability of the

litigant; (iv) whether the court warned the party in advance that dismissal was a likely sanction;

and (v) the efficacy of lesser sanctions.  *Rogers v. Andrus Transp. Sevs.*, 502 F.3d 1147, 1151-52

(10th Cir. 2007).  Dismissal is a severe sanction, and should be reserved only for situations in

which aggravating factors outweigh the presumption that cases should be resolved on their

merits.  *Id.*

First of all, the Court finds that the Plaintiff and his counsel have failed to diligently

prosecute this action.  As the preceding recitation makes clear, the Plaintiff has made no

meaningful effort to advance this action, and indeed, has disregarded several Orders by the

Magistrate Judge.  As of the present date, the Plaintiff has made minimal and inadequate initial

disclosures, has not responded to written discovery requests, has tendered no discovery of his

own, and has participated in a deposition that remains incomplete due to his failure to supply

discovery.  Indeed, the docket reflects that, but for his response to the Order to show cause, the Plaintiff has not filed <u>any</u> papers in this case between his counsel's entry of appearance and the Plaintiff's own Motion to Stay.  It is apparent to this Court that the Plaintiff's conduct represents a longstanding and persistent refusal to diligently prosecute the claims in this case.

The Court then turns to the *Rogers* factors.  With regard to the prejudice to the Defendants, the Court finds there to be significant prejudice.  The docket reflects that the Defendants have made diligent efforts and incurred significant attorney time (and by extension, significant fees), attempting to obtain discovery and otherwise advance this action.  The Plaintiff's failure to respond to communications and failure to engage in discovery has exacerbated the situation, requiring the Defendants to expend additional time following up on un-responded-to communications and filing motions seeking to obtain material that the Plaintiff is obligated to voluntarily produce.  In addition, the Plaintiff's conduct has significantly prolonged this action, depriving the Defendants of a prompt opportunity to have the claims against them adjudicated.

The Court further finds that the Plaintiff's conduct has prejudiced the judicial system as well.  The record reflects that the Magistrate Judge has had to conduct the Scheduling Conference on at least three occasions, has had to adjudicate a Motion to Compel that was prompted by the Plaintiff's failure to comply with his discovery obligations, has had to issue an Order to Show Cause because of this Plaintiff's neglect, and has had to entertain several motions to extend deadlines in this case owing to the Plaintiff's failure to participate in discovery.  The time spent by the Magistrate Judge resulting from the Plaintiff's neglect reflects time that could otherwise have been used to advance other cases.

The Court finds that the Plaintiff, and to a greater extent his counsel, are jointly culpable for these actions. But for the Plaintiff's response to the Order to Show Cause, nothing in the record indicates that the Plaintiff blames his inactivity on any external forces, warranting the assumption that the blame rests solely with him. Even the Plaintiff's counsel's indication that his attempts to produce discovery were frustrated by the Plaintiff's psychiatric condition is an inadequate excuse; the Court notes that the Plaintiff's counsel did not volunteer this information as a timely request to seek additional time to supply discovery responses, but tendered this explanation only when his inactivity had prompted the Magistrate Judge to express an intent to dismiss the action for failure to prosecute.

The Court finds that the Plaintiff has previously been warned that his failure to prosecute could result in dismissal of the action. The Magistrate Judge's Order to Show Cause specifically advised him of that possibility. Similarly, the Defendants' Motion for Sanctions expressly requested dismissal on that ground, and the Plaintiff failed to timely respond to that motion. Thus, the Court finds that the Plaintiff cannot claim surprise that a sanction of dismissal is contemplated.

Finally, the Court turns to the question of whether a sanction short of dismissal is appropriate. Dismissal is a severe sanction that should only be the Court's "last resort" when no other effective sanction is available. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007). Here, the Court is hard-pressed to conceive of a remedy that alleviates the prejudice to the Defendants and the Court that would not inevitably result in dismissal in any event. Conceivably, the Court could ascertain the costs of attorney's fees incurred by the Defendants as a result of the Plaintiff's delay and alleviate the prejudice to the

Defendants by assessing those costs against the Plaintiff and/or his counsel; similarly, the Court could attempt to value the Magistrate Judge's time that was spent addressing matters resulting from the Plaintiff's neglect of this action and impose a sanction in that amount payable to the Court. But the Court has little confidence that such sanctions could ever be collected from an incarcerated Plaintiff and/or from his counsel (who is apparently not currently engaged in any productive work while caring for his parents), and in any event, a monetary sanction does little to account for the Plaintiff's persistent neglect in this action. This is not a situation in which a single failure by the Plaintiff would give rise to a sanction reflecting a few hours of attorney time. Rather, a monetary sanction here would reflect so many hours of attorney time over a such a lengthy span of time that it would quickly rise to a level where the sanction was unlikely to be paid, and dismissal of the case for failure to pay the sanction would be inevitable.

Similarly, although the remedy of exclusion of evidence is often an appropriate sanction for discovery violations, such a sanction here would be tantamount to dismissal. The record reflects that the Plaintiff has failed to produce practically all discovery, and thus, a sanction that excluded from trial any evidence responsive to the discovery requests but not produced would likely bar him from offering much, if not all, of his evidence at trial. The remaining case would likely be so infirm that dismissal would be inevitable. Moreover, the Court has some doubt that excluding significant amounts of evidence instead of dismissing the matter outright actually advances the judicial interest that cases be resolved on their merits. Any trial on the merits of such a hobbled case would be a trial on the merits in name only.

Thus, the Court is unable to conceive of an effective sanction short of dismissal. (Certainly, the Plaintiff has not suggested any.) Moreover, the Court finds that dismissal is a

reasonable result in this action.  The Plaintiff's neglect has been systemic and pervasive, and

even today, there is little indication that the Plaintiff, or his counsel, has any intention of

diligently pursuing this action at some point in the foreseeable future.  The record reflects that

from the very outset of this action, the Plaintiff's intention to proceed has been lukewarm.  *See*

*Docket* # 30, Ex. A (letter reciting conversation with Plaintiff's counsel in which counsel

expressed his belief that the case "would likely be rendered moot if [the Plaintiff] were

convicted").  Nothing in the record indicates that his prosecution of this case is likely to be any

more diligent in the future.

Accordingly, the Court grants the Defendants' Motion for Sanctions and dismisses this

action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**<u>Motion to Stay</u>**

Although the outcome of the Motion for Sanctions renders the remaining motions moot,

the Court will address them briefly.  In the Motion to Stay, the Plaintiff's counsel states that his

parents are elderly and that on or about April 23, 2009, counsel's mother sustained a fall and

injuries that will hereafter require full-time domestic assistance.  Counsel states that he will

continue to provide care for his family for an indefinite period of time and is unable to state

when he may return to Colorado and resume his practice.  He states that, during this period of

time, he is "unable to do any research and preparation to address the[ ] Motion for Summary

Judgment," or, presumably, any other matter in this case, and seeks an indefinite stay.

A request for a stay of proceedings is directed at the sound discretion of the Court.  *Reed*

*v. Bennett*, 312 F.3d 1190, 1193 n. 1 (10th Cir. 2002).  Although the Court recognizes that a

child's duty to tend to ailing parents is a powerful social obligation, an attorney's obligation to

diligently prosecute the client's case is an equally powerful ethical obligation.  Rule 1.3 of the

Colorado Rules of Professional Conduct provide that "A lawyer shall act with reasonable

diligence and promptness in representing a client.  A lawyer shall not neglect a legal matter

entrusted to that lawyer."  Commentary to that rule states that the lawyer's duty to diligently

pursue a client's action persists "despite . . . personal inconvenience to the lawyer."  Thus, the

Plaintiff's counsel's ethical duties as an attorney require him to diligently pursue the Plaintiff's

case, even when personal circumstances in counsel's private life impede that ability.  To the

extent that the Plaintiff's counsel is unwilling to subordinate his private issues to his ethical

obligations, his only remedy is to relieve that conflict by withdrawing from representation.

In appropriate circumstances, the Court can occasionally accommodate family

emergencies in otherwise diligently-prepared cases by granting with brief continuances of

deadlines and hearings.  But here, counsel's request is for far more than a "brief continuance."

He seeks an open-ended continuance during which he is prepared to take no action whatsoever to

advance the case.  The Court would be extremely reluctant to grant such a request even in the

most healthy of cases, and given the utter failure of the Plaintiff to have advanced this case in

any other respect, such relief is utterly inappropriate here.  Accordingly, the motion to stay is

denied.

### Motion for Summary Judgment

Finally, the Court briefly addresses the Defendant's Motion for Summary Judgment.  As

stated above, the Court deems that motion to be unopposed.  The Plaintiff's Motion to Stay

appears to suggest that counsel's family circumstances should be treated as a justification for the

Court to extend the time for the Plaintiff's response (even though no actual motion to that effect

has been made).  The Court declines to do so.  As the Defendants point out, the material

supplementing the Plaintiff's Motion to Stay indicates that the Plaintiff's motion was cared for in

a rehabilitation facility from April 23, 2009 to May 22, 2009.   While counsel may certainly have

had some domestic obligations during that period involving his father, nothing in the record

indicates that those duties were so overwhelming that the Plaintiff could not have drafted and

filed a timely motion seeking an extension of time to respond to the summary judgment motion.

Nor is there any indication why, in an age of laptop computers, online legal research, and

electronic filing, counsel's presence in Colorado somehow prevents him from being able to

pursue this case, even in a somewhat diminished capacity, during his mother's convalescence.

Accordingly, the Court declines to treat the Motion to Stay as a motion seeking an extension of

time to respond to the Motion for Summary Judgment, nor otherwise operating as a response to

that motion.

When a party with the burden of proof fails to respond to a motion for summary

judgment, the motion is not reflexively granted; rather, the Court simply deems the non-movant

to have waived the opportunity to assert any additional facts and examines whether the facts

asserted by the movant warrant a trial or permit entry of judgment as a matter of law.  *Murray v.*

*City of Tahlequah*, 312 F.3d 1196, 1200 (10th Cir. 2002).  The Defendants' motion adequately

demonstrates that, upon the Plaintiff's criminal conviction, his claim for false arrest is

necessarily barred.  *Burden v. Wood*, 200 Fed.Appx. 806, 807 (10th Cir. 2006) (unpublished)

(false arrest claim cannot be maintained where plaintiff was convicted of the crime for which he

was arrested).  With regard to the excessive force claim, the Defendants allege that the Plaintiff's

allegations of vast and extensive physical abuse is patently delusional and is inconsistent with

12

objective evidence that reveals he was struck twice in the face with a closed fist.  The Court agrees that the Plaintiff's contention – that he was subjected to as much as an hour of being hit, kicked, stomped, and tasered by 40 police officers – is obviously hyperbole that is inconsistent with objective medical evidence and eyewitness accounts.  As the Supreme Court explained in *Scott v. Harris*, 550 U.S. 372, 380 (2007), the Court is not required to unquestioningly accept a party's version of events for purposes of summary judgment where that version of events is "blatantly contradicted by the record so that no reasonable jury could believe it."

Instead, the Court considers whether the Plaintiff could prevail on an excessive force claim where the undisputed facts establish that the Plaintiff was struck twice on the face with a closed fist.  The undisputed facts indicate that this contact occurred when the Defendants were attempting to subdue and effect the arrest of the clearly intoxicated and physically resisting Plaintiff.  The Defendants have submitted evidence that they carefully calibrated their use of force to be the minimum necessary to subdue the Plaintiff.  Absent a response by the Plaintiff, there is no evidence in the record to suggest that some lesser amount of force could have accomplished the Defendants' objectives in the particular circumstances.  *See generally Estate of Larsen Ex Rel. Sturdivan v. Murray*, 511 F.3d 1255, 1259-60 (10th Cir. 2008). As a result, the Court finds that on the summary judgment record here, the Plaintiff cannot show that the amount of force used against him was excessive.  Thus, the Court would grant the Defendants' Motion for Summary Judgment even if the case were not otherwise subject to dismissal for failure to prosecute.

Accordingly, the Defendants' Motion for Sanctions **(# 64)** is **GRANTED**.  The action is **DISMISSED** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Pursuant to Rule 41(b),

such dismissal is with prejudice.  The Defendants' Motion for Summary Judgment **(# 65)** and the

Plaintiff's Motion to Stay **(# 68)** are **DENIED AS MOOT**.  The case shall be closed.

Dated this 2nd day of July, 2009

**BY THE COURT:**

Marcia S. Krieger
United States District Judge